JOHN D. BOARMAN'S COM. *v.* M. R. GARDNER.

[Abstract Kentucky Law Reporter, Vol. 7—521.]

**Fraud in Purchase of Property.**

    A contract of purchase made between parties, one of whom is weak minded and the other a bright, experienced business man, whereby the weak minded is deprived of his property for much less than its value, will be canceled and set aside as obtained by fraud.

APPEAL FROM HARDIN CIRCUIT COURT.

January 28, 1886.

OPINION BY JUDGE HOLT:

John D. Boarman, March 5, 1883, conveyed to the appellee, M. R. Gardner, the undivided one-twelfth interest in one hundred five acres of land, which was subject to the dower right of his grandmother, who was then near seventy years old, and for which the appellee executed to him a note due thirty days thereafter, but which does not appear to have ever been paid.

On March 7, 1883, he also conveyed to him an undivided one-fourth interest in a tract of fifty and one-fourth acres, and in another of fifty-nine acres, for the recited consideration of $498.45, cash in hand paid. It appears that in fact, however, but $228.45 was paid in money, and that the remainder of the consideration was a mare, saddle and bridle at $125, a watch at $75, and a buggy and harness at $70. The two latter articles were never delivered, nor were the saddle and bridle furnished, as it appears Boarman at the instance of Gardner purchased them with a portion of the money the latter paid him upon the appellee's agreeing to re-pay him their cost. In point of fact, therefore, Boarman has never received anything save the money that was paid, the watch and the mare.

By an inquest in the Hardin County Court he was on April 4,

1883, found to be an imbecile, and on May 29, 1883, this action was brought by the committee to cancel said conveyances upon the ground that the grantor was at their execution incompetent to make them, and that the appellee had taken advantage of his weakness of mind and had overreached him in the trade.   The parties seem to have made various offers of settlement both before and after the bringing of the suit; but the evidence is conflicting as to what occurred, and although the appellee in his answer proposes one yet he subsequently withdrew it.   A careful reading of the testimony is convincing that the land is worth much more than the appellee gave for it.   Giving a construction to all of it favorable to the appellee it is quite certain that the eight and three-fourths acres of dower land, even subject to the grandmother's dower right, was worth $300, or three times the sum that the appellee gave for it, and that the other two interests were worth at least $650.   It is equally apparent that the mare the appellee furnished Boarman was not worth over $75, the watch not over $25, and the buggy not over $30.

The appellee appears to be an experienced business man, while his grantor was utterly without such experience, and barely of age.   The testimony is conflicting as to his mental capacity, but his condition had been the same for years prior to the inquest, and the finding of the jury is therefore strongly persuasive of his imbecility when the deeds were made.   This is also confirmed by his then conduct.   He sold his patrimony for half its value.   The appellee says that he told him that he was doing so because he was going west, and yet he took property at double or triple its value in part payment and which was of such a character as to contradict such an intention.   He at once squandered the most of the money paid to him, buying among other articles a watch chain for $25, which he sold within the next day for $1.50.

The appellee had lived near him for years, and even if he was not aware of his weakness of mind the character of his purchase was sufficient to notify him that something was wrong, and that he had obtained an unconscionable advantage over one who was little more than an inexperienced boy.   It was the weak in mind dealing with the strong.   He was not a lunatic or an idiot, but mentally so weak as to be unable to guard against imposition or the importunity of another.   I Story Equity Jur., 13th ed., § 235, says:

"Although a contract made by a man of sound mind and fair understanding may not be set aside merely from its being a rash, improvident, or hard bargain, yet if the same contract be made with a person of weak understanding, there does arise a natural inference that it was obtained by fraud, or circumvention or undue influence."

If one be of weak understanding, and the bargain be unconscionable, the conclusion naturally arises that it has been obtained by the power of the strong over the weak, and there are many other circumstances in this case which mark the transaction in question as one of this character. The judgment below is reversed with direction to render one canceling the deeds from John D. Boarman to the appellee dated March 5 and 7, 1883, respectively, but adjudging a lien against the land embraced by the first named deed for $100, with interest at six per cent. per annum from April 5, 1883, until paid, and upon and against that named in the other deed for $328.45, being for the $228.45 paid in cash, $25 for the watch and $75 for the mare, with like interest from March 7, 1883, until paid, also for the costs of enforcing such judgment if it be not paid, and for further proceedings in conformity to this opinion.

*Bush & Robertson, Jas. Montgomery, for appellant.*
*Montgomery & Poston, for appellee.*
[Cited, *Combs v. Davidson,* 24 Ky. L. 2529, 74 S. W. 261.]